OPINION
Michael McMillen, an alleged delinquent child, appeals a judgment of the Court of Common Pleas, Juvenile Division, of Morgan County, Ohio, which found him delinquent by complicity to knowingly cause or attempting to cause serious physical harm to another in violation of R.C. 2903.11, felonious assault, which would be a felony if committed by an adult. Appellant assigns a single error to the trial court:
ASSIGNMENT OF ERROR
 DID THE TRIAL COURT ERR OR ABUSE ITS DISCRETION IN FINDING THAT THE JUVENILE WAS GUILTY OF COMPLICITY TO COMMIT THE OFFENSE OF FELONIOUS ASSAULT WHERE THERE WAS NO EVIDENCE THAT HE SOLICITED OR PROCURED ANOTHER TO COMMIT THE OFFENSE; NO EVIDENCE THAT HE AIDED OR ABETTED ANOTHER TO COMMIT THE OFFENSE; NO EVIDENCE THAT HE CONSPIRED WITH ANOTHER TO COMMIT THE OFFENSE OR NO EVIDENCE THAT HE CAUSED AN INNOCENT OR IRRESPONSIBLE PERSON TO COMMIT THE OFFENSE.
At the hearing, appellant and several other persons testified about the events which led to the charges. Appellant and several friends, including one named Ben, went to an athletic field, seeking out one Michael Lyons about an on-going dispute. Appellant admitted shoving Lyons as he left the area, but testified his friend Ben then attacked Lyons. Appellant intervened and pulled Ben off Lyons, and told Lyons to leave. Appellant admitted trying to trip Lyons as he left the area. When appellant let go of Ben, Ben chased Lyons, caught him, struck him in the jaw, and kicked him as he fell. Appellant testified he tried on two or three occasions to break up the fight and pull Ben away from Lyons. At some time during the altercation, Lyons was seriously injured.
Appellant argues the evidence was abundant appellant did not cause any serious physical harm to Lyons, nor did he attempt to cause any serious harm. Appellant urges the evidence was overwhelming appellant abandoned the fight, and in fact, attempted to break up the fight between Lyons and Ben. The trial court found appellant was guilty of complicity in the commission of felonious assault.
R.C. 2923.03 provides no person shall solicit, procure, aid or abet, conspire, or cause another to commit an offense. It is an affirmative defense to a charge of complicity if the accused terminates his complicity prior to committing or attempting to commit the offense.
The State replies the record does not support appellant's allegation he was attempting to leave or break up the fight. The State urges appellant actually provoked the physical confrontation and physical contact. The State concedes appellant did attempt to break up the fight at several points, but did not actually abandon the fight completely, or leave the area.
As the State notes, there was evidence presented to the court appellant conspired with the other offender Ben to commit the offense, by seeking Lyons out for the purpose of confronting him.
The test for whether the evidence is sufficient to sustain a conviction is to view the evidence and inferences reasonably drawn therefrom in the light most favorably to the prosecution, and to determine whether any rational trier of fact could have found all the essential elements of the offense beyond a reasonable doubt,State v. Thompkins (1997), 78 Ohio St.3d 380; Jackson v. Virginia
(1979), 443 U.S. 307. We have reviewed the record, and we find there was sufficient competent and credible evidence presented, which, if believed by the juvenile court, supports appellant's conviction.
Appellant also argues his conviction was inappropriate because the complaint did not contain language charging him with complicity. As the State points out, R.C. 2923.03 specifically provides a charge for complicity may be stated in terms of this section or in terms of the principal offense.
After the reviewing the record, we find the trial court did not err in finding appellant delinquent by virtue of complicity to commit the offense of felonious assault. Accordingly, the assignment of error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, of Morgan County, Ohio, is affirmed, and the cause is remanded to that court for execution of sentence.
By Gwin, J., Farmer, P.J., and Reader J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, of Morgan County, Ohio, is affirmed, and the cause is remanded to that court execution. Costs to appellant.